## CIRCUIT COURT OF MADISON COUNTY

In re Estate of
Thomas Jackson Smith, Sr.

July 30, 2004

By Judge Daniel R. Bouton

Upon this Motion to Amend Contribution Statement and the Discovery Dispute/Request for Fees and Expenses, I set forth below the rulings of the court in connection with the above referenced matters.

### The Motion to Amend the Contribution Statement of
### Edith G. Newsom, Trustee

The first issue that must be addressed is Smith's argument that any further leave to amend the contribution statement of Newsom should be subject to the payment of costs and expenses in connection with the work that was performed by Smith's counsel in preparation for an anticipated trial based on the first amended statement that was previously filed. The court has already made a number of observations and findings on the record about this matter. Everything previously stated by the court is incorporated by reference in this context.

By way of further reasoning, it must be stressed that the analysis does not turn on the argument that requiring the payment of costs and expenses would effectively provide Smith with a sum that exceeds the actual amount of the contribution to which he is entitled from Newsom. Rather, the critical factor is that the offer to pay cash in full satisfaction of the contribution is premised on a second request to amend close in time to the trial date the statement that specifies the actual method of contribution under Va. Code § 64.1-16.2(E). On this point, Newsom had previously been granted leave of court to file an amended statement. In doing so, she proposed to satisfy her required contribution from real property that is part of the augmented estate and in which she has an interest, with any remaining balance to be paid in cash. Her

choice to satisfy her obligation to Smith in this manner, as set forth on the amended statement filed by her, was a method of contribution that resulted in the need for a complex trial, along with the costs and expenses that are associated with such litigation.

Smith relied on Newsom's amended statement and accepted (subject to his properly preserved exception to the court's ruling that allowed for an amended statement) that her portion of his elective share would derive at least in part from the real property designated by her on the statement. Smith then prepared, at his own expense, to address the disputed issues that had to be litigated as a result of the method of contribution selected by Newsom. It was only after a significant expenditure of resources by Smith and almost on the eve of trial that a request was made by her for leave to file a second amended statement. Smith vigorously opposed the request; the court, however, overruled his objection. The impact of the court's ruling on Smith was material and substantial: from his perspective, the nature of the case and the status of the litigation had been almost completely changed.

The circumstances described above further elucidate the rationale for the court's decision to condition the amendment of the contribution statement on the payment of costs and expenses. In support of this ruling, the court also finds persuasive the various arguments made by Mr. Parker both at the hearing that was conducted in Orange and in the written materials that he filed. Such arguments constitute part of the record of the proceedings.

The court has evaluated the evidence submitted by Mr. Parker regarding the costs and expenses incurred by Smith based on Newsom's motion to amend the contribution statement. The court finds that it would be appropriate to require Newsom to pay the sum of $6,000.00 as a condition of granting her leave to file the amended contribution statement.

*The Motion for an Award of Fees and Expenses in*
*Connection with Discovery*

Two separate questions are raised by the discovery dispute that arose prior to trial. The first problem occurred when Mr. Luther failed to appear at Mr. Parker's office for his scheduled deposition on March 12, 2004. The second one took place when Mr. Romenesko failed to complete his deposition on April 6, 2004. It is not necessary for the court to repeat all of its reasons for finding that an award of fees and expenses would be appropriate. A number of points, however, must be emphasized.

The court will begin by addressing Romenesko's deposition. With regard to the halting of the deposition, Rule 4:5 must be cited. This rule, which authorizes the taking of depositions prior to trial, includes no provision that

would allow counsel to suspend or prohibit Romenesko from responding to the questions being propounded to him by Mr. Parker at the time that his deposition was terminated. The rule also provides no authority that would allow the witness to refuse to answer questions. To the contrary, paragraph 7(c) states that evidence "objected to shall be taken subject to the objections."

Here, the only "objection" to Mr. Parker's questions was that Mr. Romenesko wanted more time to prepare precise and accurate answers. Yet, the rule provides that examination and cross-examination of witnesses must "proceed as permitted at the trial." No principle of law or rule of evidence would allow Romenesko to halt or adjourn his testimony in order to provide him with an opportunity to prepare or to formulate better responses to inquiries or to do further research on what he was being asked. A reading of the transcript of the deposition demonstrates clearly that Romenesko should have simply answered to the best of his ability at the time that he was asked the questions by Mr. Parker. In the event that the same questions later produced different answers at trial, he would have been entitled to explain what, if any, research and/or reflection by him had led to any refinement or modification of his responses since the taking of his deposition. Under the circumstances before the court, however, the deposition should not have been halted.

With regard to Luther's decision not to appear for his deposition, the court finds no provision in the rules that allows counsel to excuse a witness under subpoena from attending a properly noticed deposition. The language of Rule 4:12(b)(2)(E)(d) supports Smith's request for an award of fees and expenses. In accordance with the rule, the court finds that the unilateral attempt to cancel the deposition was not substantially justified and that no other circumstance existed that would make an award to Smith unjust.

Moreover, although Newsom filed a motion to quash the subpoena issued for Luther and requested a protective order under Rule 4:1(c), such an order is only available to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." The only provision that has any arguable application here is the clause regarding undue burden or expense. However, at the time it was filed, the motion itself demonstrates that no basis for relief existed based on this prong of the rule. The motion is based on Newsom's peremptory statement that the deposition in question was no longer necessary. This conclusion, however, was premised on tasks that the motion states would be completed at some point in the future. One such task was to file an amended contribution statement, something that would require the approval of the court. Thus, assuming that the deposition was not necessary for the reasons set forth in the motion, such reasons had not even come into existence when the motion was filed. Only after Newsom took the actions

described in the motion and after the court gave its approval would the request for a protective order have become mature for consideration. At the time of the properly noticed and scheduled deposition, there was no basis to cancel the proceeding. Furthermore, the issues that were to be litigated at the pending trial rendered Luther's deposition critical to Smith's preparation.

Finally, the court notes the arguments made by Mr. Parker in his written objection to the motion to quash and the motion for a protective order. The court adopts such arguments as part of its reasoning in support of an award of fees and expenses.

The court has analyzed the statement of fees and expenses submitted by Smith. Based on a full consideration of all of the circumstances pertaining to the issues raised by the discovery disputes, the court finds that the reasonable expenses, including attorney's fees, that should be awarded amount to $2,500.00. Therefore, the court orders that Smith be reimbursed for this amount.